# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ESENC M. BALAM, | |
| Plaintiff, | Civil Action No.: 2:17-cv-371 |
| v. | |
| ALABAMA STATE UNIVERSITY. | **Jury Trial Demanded** |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff Esenc M. Balam, Ph.D. (hereinafter, "Plaintiff" or "Balam") and brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Prof. Balam contends that Defendant Alabama State University engaged in disparate treatment, including failure to promote, and harassment due of her race perceived race (white), national origin (Turkey), and further engaged in retaliation after Prof. Balam engaged in protected activities, as follows:

### JURISDICTION AND VENUE

1.

This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, 28, U.S.C. §§ 1331, 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3)

2.

Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3), 5 U.S.C. § 7703(b)(2), and 28 U.S.C. § 1391 because Plaintiff was employed, and the events underlying this action, occurred in this judicial district.

## PARTIES

3.

Plaintiff Esenc M. Balam, Ph.D., a female who is perceived as white, is originally from Turkey, and is resident of Alabama. At all times relevant to this suit, Prof. Balam was employed with Defendant Alabama State University in Montgomery Alabama, and was an "employee" of Defendant as defined by 42 U.S.C. § 2000e(f).

4.

Defendant Alabama State University is a state university organized and existing under the laws of the State of Alabama. As such, Defendant is a "person," "governmental agency," or "political subdivision" as defined by 42 U.S.C. § 2000e(a). Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b)

## STATEMENT OF FACTS

5.

Prof. Balam, a female, who is perceived as white, was born in Turkey and has been employed with Defendant Alabama State University (hereinafter, "ASU") as a full-time Associate Professor since 2006.

6.

Prior to her employment with ASU, Prof. Balam obtained teaching experience at Auburn University from 2002-2006, and Yildiz Teknik Universitesi in Istanbul Turkey from 1998-1999.

7.

Dr. Shirley Barnes, the coordinator in ASU's College of Education, has served as Prof. Balam's supervisor during much of the time that she has been employed with ASU.

8.

During this time, Dr. Barnes has subjected Prof. Balam to harassment and discriminatory animus, including, but not limited to: making negative public comments about white professors at an historically black university; making disparaging public comments regarding women from other countries who describe themselves as white; speaking to Prof. Balam in a disrespectful and unprofessional manner in their private interactions; taking affirmative steps to prevent Prof. Balam from traveling to visit family overseas; etc.

9.

In the fall of 2014, Prof. Balam made known her intention to seek promotion to full time professor.

10.

Among others, Dr. Barnes was appointed to the Promotions Review Committee to consider Prof. Balam's promotion at a departmental level.

11.

Prof. Balam requested, in writing, that Dr. Barnes be excused from serving on the Committee because Prof. Balam has a pending grievance against Dr. Barnes. However, Prof. Balam's request was denied. Subsequently, Dr. Barnes was also appointed to serve on ASU's advisory committee to review the promotion at the college level.

12.

The Committee met and voted not to review Dr. Balam's application for promotion. The Committee later explained that it made said decision because Prof. Balam had not obtained ten years of teaching experience, the requisite level for promotion.

However, the Committee failed to promote Prof. Balam due to Dr. Barnes' discriminatory animus to Prof. Balam and influence that she asserted over the Committee as well the Committee's refusal to consider her year of applicable teaching experience in Turkey. Indeed, Prof. Balam had obtained 10 years of experience that was required. Dr. Shirley Barnes, among others, who are black or African-american was treated more favorably; she was promoted to full professor without equal or lesser of the requisite teaching experience.

13.

Prof. Balam applied for promotion again in Fall 2015. In May 2016, Prof. Balam received notice that she was not being promoted, but ASU failed to provide an explanation. The evidence will show that this was an act of retaliation in response to the Charge of Discrimination that Prof. Balam filed in December 2015.

14.

Subsequently, a complaint was lodged against Prof. Balam, alleging that she falsified her Curriculum Vita by falsifying her experiences teaching at Auburn and in Turkey. However, this complaint was dismissed by the Faculty Hearing Committee in or about April 2017, finding, in pertinent part that no evidence of intent to defraud was found, and if Prof. Balam's promotion was denied due to the information alleged, then an immediate review of the denial should be revisited.

## COUNT I:
## RACIAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

15.

Plaintiff hereby pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 14, as if the same were set forth herein.

16.

Plaintiff is a member of a protected classification; she is perceived as white. Plaintiff suffered an adverse employment action: she was denied promotion to full professor, first on or about May 11, 2015. Plaintiff's race was the but-for reason for the denial of the said promotion. Other, equally or less qualified faculty members who were black or African-American were treated more favorably in that they were promoted to full professor.

## COUNT II:
## NATIONAL ORIGIN AND HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

17.

Plaintiff hereby pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 16, as if the same were set forth herein.

18.

Plaintiff is a member of a protected classification; she is an ethnic Turk and was born in Turkey. Plaintiff suffered an adverse employment action: she was denied promotion to full professor, first on or about May 11, 2015. Plaintiff's national origin and/or ethnicity was the but-for reason for the denial of the said promotion. Other, equally or less qualified faculty members who were black or African-American were treated more favorably in that they were promoted to full professor. Dr. Shirley Barnes, among others, who are black or African-american was treated more favorably; she was promoted to full professor without equal or lesser of the requisite teaching experience.

## COUNT III:
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT

19.

Plaintiff hereby pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 18, as if the same were set forth herein.

20.

Plaintiff was engaged in activity protected under federal law: she filed a Charge of Discrimination with the Equal Employment Opportunity Commission on December 3, 2015. Defendant subjected Plaintiff to an adverse employment action: Plaintiff was subsequently denied promotion for a second time and disciplinary proceedings were initiated against her. Plaintiff was subjected to said adverse action because she filed her Charge of Discrimination.

## COUNT IV:
## RACE DISCRIMINATION IN VIOLATION OF § 1981

21.

Plaintiff hereby pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 20, as if the same were set forth herein.

22.

Plaintiff is a member of a protected classification; she is perceived as white. Plaintiff suffered an adverse employment action: she was denied promotion to full professor on or about May 11, 2015. Plaintiff's race was the but-for reason for the denial of the said promotion. Other, equally or less qualified faculty members who were black or African-American were treated more favorably in that they were promoted to full professor. Dr. Shirley Barnes, among others, who are

black or African-american was treated more favorably; she was promoted to full professor without equal or lesser of the requisite teaching experience. In refusing to promote Plaintiff, Defendant infringed upon Plaintiff's right to make and enforce contracts; Plaintiff was denied the enjoyment of all benefits, privileges, terms, and conditions of the contractual employment relationship as prohibited by 42 U.S.C. § 1981, as amended.

## COUNT V:
## ETHNIC/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF § 1981

23.

Plaintiff hereby pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 22, as if the same were set forth herein.

24.

Plaintiff is a member of a protected classification; she is an ethnic Turk and was born in Turkey. Plaintiff suffered an adverse employment action: she was denied promotion to full professor on or about May 11, 2015. Plaintiff's ethnicity and or national origin was the but-for reason for the denial of the said promotion. Other, equally or less qualified faculty members who were black or African-American were treated more favorably in that they were promoted to full professor. Dr. Shirley Barnes, among others, who are black or African-american was treated more favorably; she was promoted to full professor without equal or lesser of the requisite teaching experience. In refusing to promote Plaintiff, Defendant infringed upon Plaintiff's right to make and enforce contracts; Plaintiff was denied the enjoyment of all benefits, privileges, terms, and conditions of the contractual employment relationship as prohibited by 42 U.S.C. § 1981, as amended.

## PRAYER FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff prays that this Honorable Court will assume jurisdiction over this action and enter a judgment against the defendant granting the following relief:

(a) Finding that Defendant engaged in unlawful discrimination against Plaintiff in violation of 42 U.S.C. § 2000(e) et. seq. and/or 42 U.S.C. § 1981;

(b) Awarding back-pay during all periods of employment from May 11, 2015 to the date of judgment in this case, including the value of all fringe benefits, as awardable by virtue of 42 U.S.C. § 2000e-5;

(c) Front-pay beginning at the date of judgment and continuing until such time as Plaintiff can be expected to attain comparable or equivalent remunerative employment.

(d) Compensatory damages for loss of pension benefits, retirement benefits, future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, and/or loss of enjoyment of life;

(e) Pre-judgment interest;

(f) Punitive or exemplary damages;

(g) Awarding back-pay or unpaid wages during all periods of employment from May 11, 2015 to the date of judgment in this case, including the value of all fringe benefits, as awardable by virtue of 42 U.S.C. § 1981; a finding that Defendant's actions were willful and an award of an equal amount as liquidated damages.

(h) Any other awardable damages which the Court deems appropriate

(i) Attorney's fees and costs awardable under 42 U.S.C. § 2000e-5(k) and/or 42 U.S.C. § 1988.

(j)  JURY DEMAND

**Plaintiff demands a trial by struck jury on all issues so triable.**

Respectfully submitted,

_____
Wallace D. Mills (MIL 090),
Attorney for Plaintiff

Wallace D. Mills, P.C.
621 South Hull St.
Montgomery, AL 3104
(334) 593-8053
wallace@wallacemills.com